UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ROBBIE TAYLOR BELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 1:12-CR-34-CLC-CHS-1 |
| | ) | 1:16-CV-379-CLC |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Judge Curtis L. Collier |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 63.) The petition relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague. *Id.* The Court is also in possession of Petitioner's request for the appointment of counsel to assist in the litigation of his *Johnson*-related collateral challenge. (Doc. 64.) For the reasons below, Petitioner's request for counsel will be **DENIED as moot** and his § 2255 motion will be **DENIED** as untimely and **DISMISSED WITH PREJUDICE.**

I.     **BACKGROUND**

In 2013, Petitioner pled guilty, pursuant to a written plea agreement, to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Docs. 40, 42.) Based on one prior conviction for aggravated assault and two prior convictions for possession of cocaine for resale, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's enhanced fifteen-year mandatory minimum sentence. (Doc. 63 p. 4.) On

January 22, 2014, this Court sentenced Petitioner to 210 months' imprisonment followed by five years' supervised release. (Doc. 56.) No direct appeal was taken.

More than two-and-a-half years later—in September of 2016—Petitioner filed the instant petition seeking vacatur or correction of his sentence in light of the *Johnson* decision. (Doc. 63.)

## II. REQUEST FOR THE APPOINTMENT OF COUNSEL

In addition to the § 2255 motion, this Court is also in possession of a pro se request for counsel to aid in the litigation of his *Johnson*-based request for relief. (Doc. 64.) By a standing order entered on February 11, 2016, the Court has instructed the Federal Defender Services of Eastern Tennessee ("FDSET") to "identify defendants with a claim for relief under *Johnson*" and appointed FDSET to "represent any defendant who seeks relief under § 2255 in light of *Johnson*." *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Accordingly, the Court already appointed counsel to look into whether Petitioner has a *Johnson* claim and to supplement his filings if appropriate. The request is **DENIED as moot** in light of the fact that FDSET was already appointed.

## III. TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered

through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. The timeliness of his petition depends on whether its submission complied with subsections (f)(1) and (f)(3).

For purposes of subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the [direct review concludes] upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's judgment of conviction became final on February 5, 2014, fourteen days after the Court entered judgment on January 22, 2014. *See Sanchez Castellano v. United* States, 358 F.3d 424, 428 (6th Cir. 2004) (explaining unappealed judgments of conviction becomes final when the period for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A) (20012) (noting criminal defendant was required to file a notice of appeal within fourteen days of entry of the judgment appealed). The window for relief under subsection (f)(1) began on that date, and expired on February 5, 2015.

3

Failure to file the instant petition until September of 2016—one-and-a-half years after February 5, 2015—means that the instant motion is untimely under subsection (f)(1). To the extent that Petitioner relies on subsection (f)(3)'s independent filing period for relief based on a newly-recognized right made retroactively applicable on collateral review, the Court notes that the provision's one-year window runs from the date that the asserted right was recognized by the Supreme Court. 28 U.S.C. § 2255(f)(3). For purposes of the instant case, the new right on which Petitioner relies was first recognized in the *Johnson* decision, which the Supreme Court decided on June 26, 2015. *Johnson*, 135 S. Ct. at 2551. Thus, the statutory window for requesting relief based upon that decision under subsection (f)(3) expired one year later—on June 26, 2016. S*ee Welch v. United States*, 135 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a successive petition). Again, Petitioner failed to submit the instant petition within the applicable window.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6th Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see*

4

*also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

After review of the petition, the Court concludes that Petitioner has failed to put forth a single extraordinary circumstance justifying the failure to submit his collateral challenge within the window permitted by § 2255(f). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). The petition will be **DENIED**.

## IV. CONCLUSION

For the reasons discussed, Petitioner's request for counsel (Doc. 64) will be **DENIED as moot** and his § 2255 motion (Doc. 63) will be **DENIED** as untimely and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**